■ Bo RAN HAN, Plaintiff, and YOUNG H. MA, Respondent, v ABDERRAHEM TABET et al., Appellants. [920 NYS2d 674]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nelson, J.), entered July 20, 2010, as denied those branches of their motion

which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Young H. Ma to the extent that it alleged that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the categories of permanent loss of use of a body organ, member, function, or system, a permanent consequential limitation of use of a body organ or member, and a significant limitation of use of a body function or system.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the Supreme Court's holding, the defendants met their prima facie burden of establishing that the plaintiff Young H. Ma did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by virtue of his having sustained a permanent loss of use of a body organ, member, function, or system, a permanent consequential limitation of use of a body organ or member, or a significant limitation of use of a body function or system (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Nevertheless, the order must be affirmed insofar as appealed from because, in opposition, Ma raised a triable issue of fact (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 353). Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.